UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. ___06-3364-WCT___ 06-152M

UNITED STATES OF AMERICA

vs.

IAN GEORGE EDWARDS BAILEY,

Defendant.
_____/



## CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? ___ Yes  _X_ No
   If yes, was it pending in the Central Region? ___ Yes ___ No

2. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 2003? ___ Yes  _X_ No

3. Did this case originate from a matter pending in the Narcotics Section (Miami) of the United States Attorney's Office prior to May 18, 2003? ___ Yes _X_ No

4. Did this case originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

BY: _____
PETER A. FORAND
ASSISTANT UNITED STATES ATTORNEY
Florida Bar Number 0682268
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9060
FAX (305) 536-7976


FILED
DEC 14 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Case 1:06-mj-00152-MPT   Document 2   Filed 12/15/2006   Page 2 of 5

AO 91 (Rev. 5/85) Criminal Complaint AUSA FORMAN   Case 1:06-mj-00304-WCT   Document 1   Entered on FLSD Docket 12/13/2006   Page 2 of 5

# United States District Court

| SOUTHERN | DISTRICT OF | FLORIDA |

UNITED STATES OF AMERICA

vs.

IAN GEORGE EDWARDS BAILEY

**CRIMINAL COMPLAINT**

CASE NUMBER: 06-3364-WCT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about July 27, 2004, in Miami-Dade County, in the Southern District of Florida, the defendant did willfully and knowingly make false statements in an application for a United States passport, knowing said statements to be false, with the intent to secure the issuance of a United States passport contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws under the authority of the United States, in violation of Title 18, United States Code, Section 1542.

I further state that I am a Special Agent with the United States Department of State, Diplomatic Security Service, and that this Complaint is based on the facts set forth in the attached affidavit.

IAN J. PAVIS, SPECIAL AGENT
UNITED STATES DEPARTMENT OF STATE
DIPLOMATIC SECURITY SERVICE

Sworn to before me, and subscribed in my presence,

12/12/06
Date

at Miami, Florida
City and State

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT

I, Ian J. Pavis, having been duly sworn, hereby depose and state:

1. I am a Special Agent of the United States Department of State, Bureau of Diplomatic Security (DS), and have been so employed since September 2004. Prior to my employment with DS, I worked as a Senior Patrol Agent for the United States Border Patrol for approximately six years. Currently, I conduct investigations into criminal violations of the laws governing the issuance of U.S. passports and other travel and identification documents used to transit international borders. I make this affidavit based upon my personal knowledge and investigation, and upon information and documents furnished to me in my official capacity. Because this affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint, it does not include every fact known by me in connection with this investigation.

2. An individual (later identified as Ian George Edwards BAILEY, hereinafter referred to as "BAILEY") purporting to be "Brian Christopher Zachary" appeared at the Miami Dade County Passport Acceptance Agency in Miami, Florida, on July 27, 2004, and executed an application for a U.S. passport. On his passport application, BAILEY listed his date of birth as          1961, and his place of birth as Opa Locka, Florida. BAILEY listed his permanent address as          , Miami, Florida 33162. Additionally, as proof of identity and U.S. citizenship, BAILEY presented a Florida identification card and a Florida Vital Statistics Certification of Birth, both in the name of "Brian Christopher Zachary." On the application, BAILEY listed a social security number of XXX-XX-0657 and indicated that he had never before been issued a U.S. passport. BAILEY submitted his photograph with his

application, swore under oath that all information in the passport application was true, and signed the application.

3. On or about August 3, 2006, your affiant reviewed the passport application and supporting documentation provided by BAILEY. This review revealed that BAILEY had obtained the Florida identification card and Certification of Birth, submitted in support of his passport application, on the same date as, and the date before, the passport application. Your affiant is aware that this pattern of obtaining multiple forms of identification in a relatively short time span is an indicator of identity theft.

4. Your affiant confirmed that BAILEY was not Brian Christopher Zachary by reviewing Florida Department of Highway Safety and Motor Vehicles (hereinafter "DHSMV") and National Crime Information Center ("NCIC") records. Your affiant obtained records from DHSMV for driver license number                , in the name of Brian Christopher Zachary. The DHSMV photographic record for Brian Christopher Zachary contained ten photographs dating back to 1998. All of the photographic records appear to be of the same individual – not BAILEY – with the exception of the most recent photograph dated the same date that BAILEY executed his U.S. passport application.

5. On or about December 8, 2006, your affiant obtained records from NCIC for Ian George Edwards BAILEY. The arrest photographs for BAILEY appeared to match BAILEY's passport photograph and the anomalous photograph associated with the DHSMV record for Brian Christopher Zachary.

6. Your affiant confirmed the identity of BAILEY through his Pennsylvania driver license records and through the Department of Homeland Security records. The photograph associated with BAILEY's Pennsylvania driver license appeared to match BAILEY's passport

2

photograph. In addition, a review of BAILEY's immigration record on file with the Department of Homeland Security revealed that BAILEY is a permanent resident alien and a citizen of Jamaica, and the photograph associated with this record appeared to match BAILEY's passport photograph.

7. Based on the above facts and circumstances, your affiant believes that there is probable cause that on July 27, 2004, in the Southern District of Florida, BAILEY did willfully and knowingly make false statements in an application for a United States passport, with the intent to secure and induce the issuance of such passport, in violation of Title 18, United States Code, Section 1542.

FURTHER AFFIANT SAYETH NAUGHT.

IAN J. PAVIS, SPECIAL AGENT
DIPLOMATIC SECURITY SERVICE
UNITED STATES DEPARTMENT OF STATE

Sworn to before me this
12th day of December 2006.

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

3